## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ARNETTA SWAIN,                             :
    Plaintiff,                         :
                                       :
    v.                                 :        CIVIL ACTION NO. 23-CV-3258
                                       :
THE CITY OF PHILADELPHIA, *et al.*,  :
    Defendants.                        :

## MEMORANDUM

BEETLESTONE, J.                                   NOVEMBER 29, 2023

        Plaintiff Arnetta Swain, a self-represented litigant, filed a complaint asserting violations of her statutory and constitutional rights.  Currently before the Court are Swain's Complaint ("Compl." (ECF No. 1)), and her Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2).  Swain names the following Defendants: the City of Philadelphia and the Commonwealth of Pennsylvania (these Defendants are listed in the caption of the Complaint but not the body of that pleading), the School District of Philadelphia, the Philadelphia Family Court, the Department of Human Services, the Philadelphia Child Support Agency, and Delta Community Support.  (Compl. at 2.)  For the following reasons, the Court will grant Swain leave to proceed *in forma pauperis* and dismiss her Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 8.  She will be granted leave to file an Amended Complaint.

## I.    FACTUAL ALLEGATIONS[1]

        Swain's Complaint is replete with accusations and legal conclusions, but virtually devoid of factual allegations.  She alleges that the events giving rise to her claims occurred in

---

[1] The allegations set forth in this Memorandum are taken from Swain's Complaint.  (ECF No. 1.)  The Court adopts the pagination supplied by the CM/ECF docketing system.

Philadelphia during the period September 2012 through the present.  (*Id.* at 3.)  Swain claims that during this time, she was "terrorized" by unidentified public servants employed by the City of Philadelphia and the State of Pennsylvania, who allegedly committed treason and a "fraud upon the court."  (*Id.*)  She claims that the state has deprived her of numerous rights.  (*Id.*)  She further clams that she has been deprived of liberty to pursue happiness, justice, and financial freedom, and has been subjected to slavery, false imprisonment, and the denial of unspecified constitutional rights.  (*Id.* at 4.)

Swain claims that because of the violations of her rights, she has experienced parental deprivation, has become an emotional eater, and has suffered various health problems.  (*Id.*)  Swain requests an award of money damages and an arbitration hearing.  (*Id.*)

## II.   STANDARD OF REVIEW

The Court will grant Swain leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.  Accordingly, her Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and must be dismissed if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not

suffice. *Iqbal*, 556 U.S. at 678.  As Swain is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Traveline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011).  The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue."  *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits."  *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8."  *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'"  *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).  Because Swain's claims are unclear and the facts are

3

underdeveloped, the Complaint fails to provide fair notice of the grounds upon which Swain's claims against the named Defendants rest, as required by Rule 8. *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits).

## III.   DISCUSSION

Swain does not include any facts in her Complaint, and so has not adequately described the relevant who, what, where, when, and how that form the basis for her claims. As a result, the Court cannot discern what Swain alleges happened to her and the nature of any legal claims she may have. In general, when presented with a *pro se* complaint, the Court must "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999). However, in this case the Court cannot determine the factual basis of any claims Swain seeks to bring with sufficient clarity to apply the relevant law. The Complaint does not "provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian*, 2017 WL 3494219, at *3. Recently, in *Wright v. United States*, the United State Court of Appeals for the Third Circuit affirmed the District Court's dismissal with prejudice of a *pro se* amended complaint where the amended complaint failed to assert adequate factual allegations to put the named defendants on notice of the claims against them. *Id.*, No. 22-1164, 2023 WL 4540469 (3d Cir, July 14, 2023) (*per curiam*). The Court of Appeals stated, "[a]s the District Court noted, the second amended complaint lacked factual allegations with respect to many named defendants. [ ] The balance of defendants has been left to guess the specific factual nature and the legal basis of [the plaintiff's] claims against

them, such that they are unable to properly answer or prepare for trial." *Id.* at *2 (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

Swain's case suffers from the same problem.  There are no allegations at all as to the named Defendants, leaving them to guess at the nature and basis of the claims asserted against them.  Accordingly, the Complaint will be dismissed for failure to state a plausible claim and because it does not comply with Federal Rule of Civil Procedure 8.  Because the Court cannot state with certainty that Swain can never state a plausible claim, she will be permitted to amend her Complaint to "flesh out [his] allegations by . . . explaining in the amended complaint the 'who, what, where, when and why' of [her] claim." *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022) (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)).

## IV.    CONCLUSION

For the reasons stated, the Court will grant Swain's motion for leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 8.  Swain will be granted leave to amend her Complaint.  An appropriate Order follows.

BY THE COURT:

*/s/ Wendy Beetlestone*
_____

**WENDY BEETLESTONE, J.**

5